**FILED**

SEP 1 2 2012

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 2:12cr171-MEF |
| | ) | [18 U.S.C. § 1341; |
| | ) | 18 U.S.C. § 1343; |
| | ) | 18 U.S.C. § 1349; |
| v. | ) | 18 U.S.C. § 1028A(a)(1), (c)(5); |
| | ) | 18 U.S.C. § 2; |
| | ) | 18 U.S.C. § 513(a); |
| | ) | 18 U.S.C. § 1512(c)] |
| | ) | |
| JOHN IRVING WHEELER | ) | **INDICTMENT** |

**The Grand Jury charges that:**

## INTRODUCTION

At all times relevant to this Indictment:

1. Defendant JOHN IRVING WHEELER resided in Montgomery County, Alabama, within the Middle District of Alabama.

2. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, or date of birth.

## COUNT ONE
(Conspiracy to Commit Mail Fraud and Wire Fraud)

1. The factual allegations contained in Paragraphs 1 through 2 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. From in or about February 2008 and continuing through at least in or about November 2009, in Montgomery and Lowndes Counties, Alabama, in the Middle District of

Alabama, and elsewhere, the defendant,

**JOHN IRVING WHEELER,**

did unlawfully and knowingly conspire and agree with others known and unknown to the grand jury to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises and to execute that scheme and artifice through (a) the use of the mails, in violation of Title 18, United States Code, Section 1341, and (b) the use of interstate wire communications, in violation of Title 18, United States Code, Section 1343.

## THE OBJECTS OF THE CONSPIRACY

3. The objects of the conspiracy were to obtain funds and to enrich the conspirators by fraudulently obtaining state income tax refunds in the form of checks and direct deposits and converting those refunds into cash.

## MANNER AND MEANS

4. Defendant JOHN IRVING WHEELER, and others, both known and unknown to the grand jury, would and did obtain and possess the means of identification of other individuals, including those individuals' names, dates of birth, and Social Security numbers.

5. Defendant JOHN IRVING WHEELER, and others, both known and unknown to the grand jury, would and did electronically file and cause to be electronically filed false tax returns using those means of identification of other individuals. The false tax returns included state income tax returns from Georgia and Michigan.

6. Defendant JOHN IRVING WHEELER and others, both known and unknown to

the grand jury, would and did provide their addresses, and addresses of others known and unknown to the grand jury, to be placed on the false tax returns and would and did collect refund checks mailed to their addresses.

7. Defendant JOHN IRVING WHEELER, and others, both known and unknown to the grand jury, would and did provide their bank accounts, and bank accounts of others both known and unknown to the grand jury, so that refunds could be electronically deposited into those accounts. They would withdraw the refund money, provide it to others, and spend the money.

8. Defendant JOHN IRVING WHEELER and others, both known and unknown to the grand jury, would and did bring refund checks generated by the scheme to other individuals, who would and did cash those checks in return for a portion of the proceeds.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH SIX
(Wire Fraud)

1. The factual allegations contained in Paragraphs 1 through 2 of the Introduction Section of this Indictment and in Paragraphs 1 through 8 of Count 1 of this Indictment are realleged and incorporated herein as if copied verbatim.

2. At all times material to this Indictment, the Michigan Department of Treasury maintained a bank account with Comerica Bank in Detroit, Michigan (the "MDT Account").

3. From in or about February 2008 through in or about November 2009, within the Middle District of Alabama and elsewhere, JOHN IRVING WHEELER, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain

money by means of false and fraudulent pretenses, representations, and promises, caused to be transmitted by means of wire communication in interstate commerce, communications, signals, and writings, namely: electronic direct deposits of state tax refunds from the MDT Account into bank accounts located within the Middle District of Alabama.

### THE SCHEME AND ARTIFICE

4.      The allegations contained in Paragraphs 1 through 8 of Count 1 of this Indictment are realleged and incorporated herein as if copied verbatim.

### THE WIRE COMMUNICATIONS

5.      On or about the dates listed below, in the Middle District of Alabama, JOHN IRVING WHEELER, for the purpose of executing the scheme and artifice to defraud, and to aid and abet the same, transmitted, and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds as described for each count below:

| Count | Defendant | Date of Offense | Wire Communication |
|---|---|---|---|
| **TWO** | JOHN IRVING WHEELER | 8/13/2009 | Direct deposit of tax refund in the amount of $3,287, in the name of "BW1," into First Tuskegee Bank account 02-XXXX3102, an account in the name of BDC, Enterprises, LLC, with the account owner being listed as John I. Wheeler, from MDT Account |

| Count | Defendant | Date of Offense | Wire Communication |
|---|---|---|---|
| **THREE** | JOHN IRVING WHEELER | 8/13/2009 | Direct deposit of tax refund in the amount of $3,171, in the name of "BW2," into First Tuskegee Bank account 02-XXXX3102, an account in the name of BDC, Enterprises, LLC, with the account owner being listed as John I. Wheeler, from MDT Account |
| **FOUR** | JOHN IRVING WHEELER | 8/26/2009 | Direct deposit of tax refund in the amount of $2,957, in the name of "JG1," into First Tuskegee Bank account 02-XXXX3102, an account in the name of BDC, Enterprises, LLC, with the account owner being listed as John I. Wheeler, from MDT Account |
| **FIVE** | JOHN IRVING WHEELER | 8/26/2009 | Direct deposit of tax refund in the amount of $2,955, in the name of "JG2," into First Tuskegee Bank account 02-XXXX3102, an account in the name of BDC, Enterprises, LLC, with the account owner being listed as John I. Wheeler, from MDT Account |
| **SIX** | JOHN IRVING WHEELER | 9/1/2009 | Direct deposit of tax refund in the amount of $3,063, in the name of "AS," into First Tuskegee Bank account 02-XXXX3102, an account in the name of BDC, Enterprises, LLC, with the account owner being listed as John I. Wheeler, from MDT Account |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS SEVEN THROUGH ELEVEN
(Mail Fraud)

1. The factual allegations contained in Paragraphs 1 through 2 of the Introduction Section of this Indictment and in Paragraphs 1 through 8 of Count 1 of this Indictment are realleged and incorporated herein as if copied verbatim.

2. From in or about February 2008 through in or about November 2009, within the Middle District of Alabama and elsewhere, JOHN IRVING WHEELER, having knowingly and intentionally devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, caused to be placed in a post office and authorized depository for mail matter matters and things to be sent and delivered by the United States Postal Service ("Postal Service"), and by a private and commercial interstate carrier, and did take and receive matters and things that had been delivered by the Postal Service and by a private and commercial interstate carrier, namely, tax refund checks, as described below.

### THE SCHEME AND ARTIFICE

3. The allegations contained Paragraphs 1 through 8 of Count 1 of this Indictment are realleged and incorporated herein as if copied verbatim.

### THE MAILINGS

4. On or about the dates listed below, in the Middle District of Alabama, JOHN IRVING WHEELER, for the purpose of executing the scheme and artifice to defraud, and to aid and abet the same, caused to be placed in a post office and authorized depository for mail matter

matters and things to be sent and delivered by the Postal Service, and by a private and commercial interstate carrier, and did take and receive matters and things that had been delivered by the Postal Service and by a private and commercial interstate carrier, namely, tax refund checks, as described below:

| Count | Defendant | Date of Offense | Mailing |
|---|---|---|---|
| **SEVEN** | JOHN IRVING WHEELER | 8/12/2008 | Check with payee of "MG," in the amount of $3,929, mailed to Montgomery, Alabama |
| **EIGHT** | JOHN IRVING WHEELER | 8/5/2008 | Check with payee of "JS," in the amount of $3,875, mailed to Montgomery, Alabama |
| **NINE** | JOHN IRVING WHEELER | 8/19/2008 | Check with payee of "KG," in the amount of $3,531, mailed to Montgomery, Alabama |
| **TEN** | JOHN IRVING WHEELER | 9/2/2008 | Check with payee of "CT," in the amount of $5,573, mailed to Montgomery, Alabama |
| **ELEVEN** | JOHN IRVING WHEELER | 8/19/2008 | Check with payee of "MR," in the amount of $3,648, mailed to Mil Montgomery, Alabama |

All in violation of Title 18, United States Code, Section 1341.

## COUNTS TWELVE THROUGH SIXTEEN
(Aggravated Identity Theft)

1. The factual allegations contained in Paragraphs 1 through 2 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. On or about the dates listed below, within the Middle District of Alabama, JOHN IRVING WHEELER did knowingly possess and use, and aid and abet others known and

unknown to the grand jury in possessing and using, the means of identification of other persons without lawful authority during and in relation to the offenses in this Indictment identified below as Related Counts, that is, they knowingly possessed and used the name, date of birth, and Social Security numbers of actual persons known to the grand jury, listed by their initials below, to commit mail fraud in violation of Title 18, United States Code, Section 1341:

| Count | Date of Offense | Related Count | Individual |
|---|---|---|---|
| TWELVE | 8/12/2008 | SEVEN | "MG" |
| THIRTEEN | 8/5/2008 | EIGHT | "JS" |
| FOURTEEN | 8/19/2008 | NINE | "KG" |
| FIFTEEN | 9/2/2008 | TEN | "CT" |
| SIXTEEN | 8/19/2008 | ELEVEN | "MR" |

All in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(5), and 2.

## COUNTS SEVENTEEN THROUGH TWENTY-ONE
(Forgery of State Securities)

1. The factual allegations contained in Paragraphs 1 through 7 of the Introduction Section of this Indictment are realleged and incorporated herein as if copied verbatim.

2. At all times material to this Indictment:

  a. Wachovia Bank, N.A., was a legal entity, which operated in and the activities of which affected interstate and foreign commerce.

  b. BDC Enterprises, LLC, was a corporation controlled by defendant JOHN IRVING WHEELER.

  c. BDC Enterprises, LLC, maintained an account at the Wachovia Bank,

N.A. branch located in Montgomery, Alabama, within the Middle District of Alabama.

3. On or about the dates set forth below, in the Middle District of Alabama, and elsewhere, the defendant, JOHN IRVING WHEELER, did make, utter, and possess forged securities of the State of Georgia, that is, Georgia Department of Revenue tax refund checks, in the names of the individuals whose initials are listed below and for the amounts listed below, with intent to deceive another organization, that is, Wachovia Bank, N.A.:

| Count | Check Date | Payee | Amount |
|---|---|---|---|
| **SEVENTEEN** | 9/2/2008 | "MG" | $3,929 |
| **EIGHTEEN** | 9/2/2008 | "JS" | $3,875 |
| **NINETEEN** | 9/2/2008 | "KG" | $3,531 |
| **TWENTY** | 9/11/2008 | "CT" | $5,573 |
| **TWENTY-ONE** | 8/19/2008 | "MR" | $3,648 |

All in violation of Title 18, United States Code, Section 513(a).

## COUNT TWENTY-TWO

On or about September 30, 2009, in Montgomery County, within the Middle District of Alabama, the defendant,

**JOHN IRVING WHEELER,**

did, and attempted to, corruptly alter, destroy, mutilate, and conceal a record, document, and object, namely, lists of personal information which could be used to prepare false and fraudulent income tax returns, with the intent to impair its integrity and its availability for use in an official proceeding, in violation of Title 18, United States Code, Section 1512(c).

## FORFEITURE ALLEGATION-1

A.  The allegations contained in Counts 1 through 22 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

B.  Upon conviction of the offenses in violation of Title 18, United States Code, Section 1349, set forth in Count 1 of this indictment; Title 18, United States Code, Section 1343, set forth in Counts 2 through 6 of this indictment; or Title 18, United States Code, Section 1341, set forth in Counts 7 through 11 of this indictment, the defendant,

JOHN IRVING WHEELER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real or personal, constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the said violations.

C.  If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)  cannot be located upon the exercise of due diligence;

    (2)  has been transferred or sold to, or deposited with, a third party;

    (3)  has been placed beyond the jurisdiction of the court;

    (4)  has been substantially diminished in value; or

    (5)  has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

## **FORFEITURE ALLEGATION-2**

A.    The allegations contained in Counts 1 through 22 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 492; Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

B.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 513(a), set forth in Counts 18 through 22 of this indictment, the defendant,

JOHN IRVING WHEELER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 492; Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in the offenses, and any property traceable to such property; and any and all property, real or personal, constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the said violations.

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third party;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 492; Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

A TRUE BILL:

_____
Foreperson

SANDRA J. STEWART
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

_____
Tommie Brown Hardwick
Assistant United States Attorney

_____
Todd A. Brown
Assistant United States Attorney